Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| VICTOR ENRIQUE MCDOUGALL RIVERA<br><br>Parte Apelada<br><br>v.<br><br>DEPARTAMENTO DE EDUCACIÓN<br><br>Parte Apelante | TA2025AP00247 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm.: PO2025CV01554<br><br>Sobre: Recurso especial de acceso a información |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de septiembre de 2025.

Comparece, ante este Tribunal de Apelaciones, el Departamento de Educación, representado por la Oficina del Procurador General de Puerto Rico (DE; apelante) y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Ponce (TPI) el 25 de junio de 2025 y notificada en esta misma fecha. Además, nos solicita que desestimemos el pleito con perjuicio.

Por los fundamentos que expondremos a continuación revocamos el dictamen apelado.

**I**

El 4 de junio de 2025 el señor Víctor Enrique McDougall Rivera (Sr. McDougall Rivera; apelado) presentó un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* en virtud de la *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública* (Ley Núm. 141-2019) contra el Departamento de Educación. En su recurso constató el 2 de mayo de 2025 había solicitado al Superintendente Regional de Ponce —el profesor Ramón Pagán Mercado— que se le diera acceso o copia de la siguiente información:

Diseño Esquemático de la Escuela Aurea E. Quiles Claudio, preliminarmente validado el 18 de octubre de 2024; Hoja de aprobación firmada por este servidor, funcionarios y

miembros de la comunidad presentes en la reunión; el Diseño de la escuela finalmente aprobado y Estudio realizado para la consolidación de la Escuela Superior Aurea E. Quiles Claudio con la Escuela Intermedia Agripina Seda, en conformidad al Art. 8.01 de la Ley 85 del 2018, según enmendada.[1]

Alegó entonces que dicha información no fue provista por el DE dentro del término establecido en la Ley para ello, por lo que solicitó al TPI que ordenara al apelante a entregar o proveer acceso a lo solicitado. Concedida una prórroga al DE para contestar, el 23 de junio de 2025 este presentó una *Moción de Desestimación* al amparo de la Regla 10.2(5) de las de Procedimiento Civil. Adicionalmente planteó que la controversia se había tornado académica por lo que de igual manera procedía su desestimación. Esto último fue fundamentado en que el DE había remitido al apelado, mediante correo electrónico, la información solicitada ese mismo día 23 de junio de 2025.[2]

A la luz de lo anterior, el TPI concedió al apelado término para que acreditara el recibo de la información solicitada.[3] El 24 de junio de 2025 el Sr. McDougall Rivera cumplió con lo ordenado mediante *Moción Acreditando el Recibo de la Información Solicitada*. En su escrito expuso lo siguiente:

1. El 23 de junio de 2025, vía correo electrónico, la parte recurrida le entregó copia de la información solicitada a la parte recurrente por medio de su representación legal.
2. La parte recurrente acredita que la información recibida responde a la solicitud, dando por cumplida la entrega de los documentos solicitados.
3. Se presenta esta MOCIÓN para cumplir con el debido proceso y se archive este caso según determine el Honorable Tribunal.[4]

Atendida la moción, el TPI dictó Sentencia en la cual declaró Ha Lugar el *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* donde el Sr. McDougall Rivera solicitó al foro primario que ordenara al DE a cumplir con lo solicitado. Al respecto realizó en su dictamen el siguiente pronunciamiento:

Evaluado el Recurso presentado se desprende que al momento de su radicación se acreditó que se había realizado una solicitud de información a tenor con la Ley Núm. 141-

---

[1] SUMAC, Entrada 1 en PO2025CV01554.
[2] SUMAC, Entrada 5 en PO2025CV01554.
[3] SUMAC, Entrada 6 en PO2025CV01554.
[4] SUMAC, Entrada 7 en PO2025CV01554.

2019, y que la misma no había sido provista. En el presente caso la parte recurrida acreditó el envío de la información que le había sido requerida y el recurrente acreditó el recibo de la misma.

A tenor con lo anterior, se dicta la presente **Sentencia** declarando *Ha Lugar*, el **RECURSO ESPECIAL DE REVISIÓN JUDICIAL PARA EL ACCESO A INFORMACIÓN PÚBLICA** conforme a la Ley 141-2019 presentado por la parte Recurrente. En el presente caso el Departamento acreditó el envío de todos los documentos que fueran solicitados como parte del requerimiento de información y la parte recurrente acreditó el recibo de la información solicitada.[5]

Inconforme con lo resuelto por el TPI, el DE presentó una *Moción de Reconsideración y/o Solicitud de Enmienda por Error de Forma* en la cual arguyó que el tribunal de instancia erró al declarar Ha Lugar el recurso de recisión especial presentado por el apelado luego de que este acreditara que había recibido la información solicitada. Por tanto, rogó al tribunal que reconsiderara su decisión y declarara Ha Lugar su *Moción de Desestimación* por la controversia haberse tornado académica.[6] El TPI declaró No Ha Lugar la mencionada moción de reconsideración mediante *Resolución Interlocutoria* notificada el 16 de julio de 2025.[7]

Aún inconforme, el DE acude ante nosotros mediante el recurso de epígrafe y expone el siguiente señalamiento de error:

Erró crasamente en derecho el Tribunal de Primera Instancia al declarar "Ha Lugar" el recurso especial de acceso a información pública del recurrido, a pesar de que la controversia se tornó académica —y, por ende, no justiciable— antes de emitir su *Sentencia*.

Recibida el *Escrito de Apelación*, concedimos al Sr. McDougall hasta el 15 de septiembre de 2025 para presentar su alegato. Transcurrida la fecha mencionada, el apelado no compareció oportunamente por lo que el recurso quedó perfeccionado y listo para su adjudicación.

**II**

**A**

Nuestro más Alto Foro ha pautado que "los tribunales podemos evaluar únicamente aquellos casos que son justiciables". *Asoc.*

---

[5] SUMAC, Entrada 8 en PO2025CV01554.
[6] SUMAC, Entrada 9 en PO2025CV01554.
[7] SUMAC, Entrada 10 en PO2025CV01554.

*Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 931 (2011), que cita a *Moreno v. Pres. U.P.R. II*, 178 DPR 969 (2010); *Lozada Tirado, et al. v. Testigos Jehová*, 177 DPR 893 (2010); *E.L.A. v. Aguayo*, 80 DPR 552 (1958). Así pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, *supra*, págs. 558-559.

El concepto de justiciabilidad se deriva del Art. III de la Constitución Federal y "[r]equiere la existencia de un caso y controversia real para el ejercicio válido del poder judicial". *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 720 (1980). Se trata de una doctrina auto impuesta, en virtud de la cual "los propios tribunales se preguntan y evalúan si es o no apropiado entender en determinado caso tomando en cuenta diversos factores y circunstancias mediante un análisis que les permite ejercer su discreción en cuanto al límite de su poder constitucional". *Id*.

Resulta académico un caso cuando, "aun cumplidos todos los criterios de justiciabilidad, ocurren cambios en los hechos o el derecho durante el trámite judicial que tornan académica o ficticia la solución del pleito". *U.P.R. v. Laborde Torres y otros*, 180 DPR 253, 280 (2010), que cita a *El Vocero v. Junta de Planificación*, 121 DPR 115, 123 (1988) y *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 724 (1980). La aplicación de la doctrina de academicidad persigue lo siguiente:

1. evitar el uso innecesario de los recursos judiciales;
2. asegurar que haya la adversidad suficiente para que las controversias se presenten y defiendan competente y vigorosamente; y
3. evitar precedentes innecesarios.[8]

Estamos ante un caso académico cuando se procura "obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes que éste haya sido reclamado, o una sentencia sobre un asunto, que, al dictarse, por alguna razón no podrá

---

[8] *U.P.R. v. Laborde Torres y otros, supra*, a la pág. 280, que cita a *Com. de la Mujer v. Srio. De Justicia, supra*, a la pág. 725.

tener efectos prácticos sobre una controversia existente". *U.P.R. v. Laborde Torres y otros, supra*, pág. 280, que cita a *P.P.D. v. Gobernador I*, 139 DPR 643, 675 (1995) y *E.L.A. v. Aguayo*, 80 DPR 552, 584 (1958). Asimismo, "una controversia puede convertirse en académica cuando su condición viva cesa por el transcurso del tiempo". *U.P.R. v. Laborde Torres y otros, supra*, pág. 280.

Ahora bien, se han reconocido excepciones a la academicidad, como sigue:

1. cuando se plantea una cuestión recurrente o susceptible de volver a ocurrir y que tienda a evadir la revisión judicial;
2. cuando la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente;
3. cuando se tornan académicos aspectos de la controversia, pero subsisten consecuencias colaterales vigentes; y
4. cuando la controversia se torna académica para un miembro en un pleito de clase certificado, mas no para los otros miembros de la misma clase.[9]

Si no están presentes algunas de las aludidas exclusiones y, en efecto, no existe una controversia vigente entre las partes adversas, los tribunales tenemos el deber de desestimar el pleito bajo el fundamento de la academicidad. *Moreno v. Pres. U.P.R. II*, 178 DPR, pág. 974. No albergamos discreción para negarnos a hacerlo. *Id.*

**III**

Tal y como reseñamos en el tracto procesal del presente pleito, el Departamento de Educación acude ante nosotros en apelación y alega que el TPI erró al declarar con lugar el recurso especial presentado por el apelado a pesar de que la controversia se había tornado académica. Resolvemos que le asiste la razón al apelante.

Se desprende diáfanamente del expediente del caso, que luego de que el Sr. McDougall solicitó al foro de instancia que ordenara al Departamento de Educación proveer la información solicitada, esta cumplió

---

[9] *Bhatia Gautier v. Gobernador*, 199 DPR, a las págs. 73-74; *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 933 (2011); *Moreno v. U.P.R. II*, 178 DPR 969, 974 (2010); *U.P.R. v. Laborde Torres y otros*, 180 DPR 253, 281 (2010); *P.N.P. v. Carrasquillo*, 166 DPR 70, 76 (2005); *C.E.E. v. Depto. de Estado*, 134 DPR 927, 936 (1993); *Asoc. de Periodistas v. González*, 127 DPR 704, 719-720 (1991); *Vocero de P.R. v. Junta de Planificación*, 121 DPR 115, 124 (1988); *Com. Asuntos de la Mujer v. Secretario*, 109 DPR, a la pág. 725.

con dicho petitorio el 23 de junio de 2025. Ello ocurrió antes de que el TPI dictara sentencia. Notificado lo anterior al foro primario, este ordenó al Sr. McDougall que acreditara haber recibido la información requerida y así hizo el apelado. A la luz de estos hechos y al no estar presente alguna de las excepciones que provee nuestro ordenamiento jurídico en torno a la doctrina de academicidad, la controversia se convirtió en académica puesto que los actos del DE resolvieron la controversia en su totalidad. A raíz de lo anterior, y al amparo del derecho aplicable, el foro primario no tenía más opción que declarar No Ha Lugar el recurso especial y desestimar el caso puesto que ya no era justiciable y no ostentaba jurisdicción para atenderlo. No obstante, el tribunal hizo lo contrario a pesar de que, en su recuento de los hechos del caso, reseñó que el DE satisfizo el reclamo del Sr. McDougall Rivera. En esto concluimos que erró.

Por tal motivo, revocamos la *Sentencia* en cuestión y desestimamos con perjuicio el recurso especial presentado por el Sr. McDougall Rivera por falta de jurisdicción por académico.

**IV**

Por los fundamentos que nos anteceden, se revoca la *Sentencia* apelada y se desestima con perjuicio el *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* presentado por el apelado.

**Notifíquese.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones